IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALENTINA PEREZ<br>Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| NORWEGIAN-AMERICAN HOSPITAL,<br>IVAN RIVERA, and STEVE DAHL,<br>Defendants. | )<br>)<br>)<br>) |

00C 6672

JUDGE NORGLE

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

## COMPLAINT

Valentina Perez, ("Plaintiff") brings this Title VII Discrimination and State Law Intentional Battery and Intentional Infliction of Emotional Distress actions against Norwegian-American Hospital ("Norwegian"), Ivan Rivera, ("Rivera") and Steve Dahl ("Dahl"), (herein collectively referred to as Defendants) and alleges as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this action under 28 U.S.C. §§1331, 1343, 1367; and 42 U.S.C. §§ 1981, 2000e-5.

2. Plaintiff's original EEOC charge was filed within the statutorily allotted time following Defendants' continuance of discrimination against Plaintiff.

3. Plaintiff has received a Right-to-Sue notice from the United States Equal Employment Opportunity Commission ("EEOC") and this complaint was filed within the statutorily allotted time following the receipt by Plaintiff of that Right-To-Sue notice.

4. Plaintiff has satisfied the timeliness requirements of 42 U.S.C. 2000e-5.

5. Venue in this Court is proper under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5.

### The Parties

6. Plaintiff is a 36-year-old Latino female. She resides at 5220 West Shubert, Chicago, Illinois. As Latino and a female, Plaintiff is a member of a recognized class of citizens against which there is a long and established history of discrimination and a member of a group which is protected federal law.

7. Defendant, Norwegian is a company doing business in the State of Illinois and has offices in this District located at 1044 North Francisco Avenue Street in Chicago, Illinois. Defendants Rivera and Dahl are residents of the State of Illinois and work in the City of Chicago as employees of Defendant, Norwegian.

Facts Common to All Counts

8. On or about July 17, 1989, Plaintiff was hired by Norwegian. Her initial duties and responsibilities were as an Officer. In or about 1991, she was promoted to the position of Officer in Charge as a Corporal. In or about 1994, she was again promoted to the position of Shift Supervisor as a Sergeant. As a Shift Supervisor of the second shift, Plaintiff was responsible for the supervision, scheduling, and discipline of the 6 – 9 employees working on her shift.

9. From July 17, 1989 through the date of this complaint, Plaintiff has performed her duties in compliance with Norwegian's stated policies.

10. In accordance with Norwegian's stated policies and procedures, Officers, Officers in Charge, and Shift Supervisor's are entitled to compensation time for hours of overtime worked. Employees in these positions do not receive overtime pay for working these hours. During the period beginning July 17, 1989 through the date of the filing of this complaint, Plaintiff has worked overtime hours as described by Norwegian's stated policy and procedure. In compliance with Norwegian's stated policies and procedures, Plaintiff has maintained a record of all compensation time due her for overtime worked. However, Norwegian has failed to credit her the compensation time due her even though Plaintiff has applied for the time in accordance with Norwegian's stated policies and procedures. Norwegian routinely grants said compensation time to similarly situated male employees in Plaintiff's department.

11. On or about October, 1999, then Manager of Security, Joseph Burns, announced to the employees of Plaintiff's department that there was a prospective promotion to the office of Lieutenant and that there was to be testing for the position to ascertain eligible candidates. The official posting of the position was to follow the announcement. Norwegian never posted the position. At the time of the announcement Plaintiff advised Mr. Burns that she sought to apply for the prospective position.

12. On or about January 10, 2000, merely because Plaintiff is female, Defendant Dahl forcefully struck Plaintiff on her buttocks while on the premises of Norwegian. This action was not consented to by Plaintiff. Also on or about January 10, 2000, Plaintiff filed a formal complaint with the Human Resources Department of Norwegian against Dahl complaining of sexual harassment.

13. On or about January 25, 2000, Plaintiff submitted an inquiry to Norwegian's Human Resources Department regarding the status of the investigation of her complaint. As of the date of this complaint, merely because Plaintiff is female, Norwegian has not conducted a formal investigation of Plaintiff's internal complaint against Dahl, nor has Norwegian provided Plaintiff with any response to her complaint.

14. On or about July, 2000, Norwegian promoted Ivan Rivera, a male, to the supervisory position of Lieutenant, to be supervisor of Plaintiff. The position was never posted and Plaintiff was never granted the opportunity to apply for the position. Plaintiff has comparable and superior, experience, certification, commendations, and training to that of Mr. Rivera. Plaintiff advised Joseph Burns as late as May, 2000 that she was still interested in the prospective supervisory position once it became available. When the position became available, Norwegian offered it to Ivan Rivera and denied Plaintiff the opportunity to apply, interview or otherwise compete for the promotion.

15. On or about July 25, 2000, Plaintiff filed Charge No. 210A04103 with the Equal Employment Opportunity Commission alleging certain acts of sex discrimination by Defendants.

16. On or about July 26, 2000, merely because Plaintiff is female and in retaliation against her for filing her complaints alleging sexual discrimination and harassment, Defendants, Norwegian and Rivera stripped Plaintiff of her shift and duties and transferred her to the undesirable night-shift. Further, on Plaintiff's shift prior to her transfer, Plaintiff was a Shift Supervisor in charge of the officers working on her shift.

17. On or about July 27, 2000, merely because Plaintiff is a female and in retaliation against her for filing her complaints alleging sexual discrimination and harassment, Norwegian promoted Corporal Facundo Alerre ("Allerre") to the position of Sergeant and Shift Supervisor of the night-shift to which Plaintiff had been transferred. When Plaintiff reported to her transfer position, Norwegian forced her to report to Alerre as her superior. Norwegian never posted the position of Shift Supervisor of the night-shift in accordance with its stated policy and procedure. Further, Plaintiff has greater seniority, training and experience than did Allerre and is a more qualified candidate for the position.

18. On or about July 27, 2000, when Norwegian transferred Plaintiff from the second shift, Norwegian appointed to Plaintiff's former position, Benjamin Espirita ("Espirita"), a male. Espirita is the only shift supervisor on the second shift and he does not report to another Shift Supervisor. Espirita was the supervisor of the night-shift prior to the transfers occurring on July 27, 2000 between Shift Supervisors. While Espirita was the night-shift supervisor, he was the sole Shift Supervisor for that shift and was not required to report to another Shift Supervisor.

3

19. Ron Dixon, a male, is the Shift Supervisor of the first shift, he is the only shift supervisor on his shift, and he does not report to another Shift Supervisor.

20. Since the date of Plaintiff's first internal complaint of sexual harassment through the date of this complaint, she has endured from Defendants, Rivera and Alerre constant threats of disciplinary action, false write-ups for non-existent occurrences, threats of termination, intimidating remarks, derogatory comments, stripping of her duties and responsibilities as a supervisor, the failure to investigate her complaint against Dahl, and denial of compensation time due her.

21. In of about September, 2000 Plaintiff began to seek counseling for anxiety attacks and stress she has suffered as a result of the acts of Defendants.

22. On or before October 26, 2000, Plaintiff filed this action.

### Count I: Sex Discrimination under 42 U.S.C. § 1981(a)

23. This Count I is a cause of action for sexual harassment under 42 U.S.C. § 1981(a). It is brought against Norwegian.

24. Plaintiff incorporates by reference and re-alleges ¶¶ 1-22 as if fully set forth herein.

25. By taking the actions against Plaintiff described above in a manner materially different from that employed with regard to other, male employees, including, but not limited to: failing to investigate her claim of sexual harassment, denial of Plaintiff's compensation time, failing to promote her to at least two positions offered to male co-employees, transferring her to an unfavorable shift and stripping her of her duties and responsibilities, falsely charging her with infractions, constantly intimidating her, and creating and facilitating a work environment so uncomfortable that no person would reasonably be expected to endure it, Defendants have purposefully, intentionally, continually, and maliciously engaged in discriminatory practices in violation of Plaintiff's federally protected rights.

26. As a result of Defendants' discriminatory practices, Plaintiff has been damaged.

### Count II: Failure to Promote under 42 U.S.C. § 2000e-2

27. This Count II is a cause of action for failure to promote under 42 U.S.C. § 2000e-2, as amended. It is brought against Norwegian.

28. Plaintiff incorporates by reference and re-alleges ¶¶ 1-22 as if fully set forth herein.

29. By taking the actions against Plaintiff described above in a manner materially different from that employed with regard to other, male employees, including, but not limited to: failing to investigate her claim of sexual harassment, denial of her compensation time, failing to promote her to at least two positions offered to male co-employees, transferring her to an unfavorable shift and stripping her of her duties and responsibilities, falsely charging her with infractions, constantly intimidating her, and creating and facilitating a work environment so uncomfortable that no person would reasonably be expected to endure it, Defendants have purposefully, intentionally, continually, and maliciously engaged in discriminatory practices in violation of Plaintiff's federally protected rights.

30. As a result of Defendants' discriminatory practices, Plaintiff has been damaged.

### Count III: Retaliation under 42 U.S.C. § 2000e-3

31. This Count III is a cause of action for retaliation under 42 U.S.C. § 2000e-3. It is brought against Norwegian.

32. Plaintiff incorporates by reference and re-alleges ¶¶ 1-22 as if fully set forth herein.

33. Norwegian failed to investigate Plaintiff's claim of sexual harassment, failed to promote her to at least two positions offered to male co-employees, transferred her to an unfavorable shift and stripped her of her duties and responsibilities, demeaned her by forcing her to report to a former subordinate, falsely charged her with non-existent infractions, constantly intimidate her, and create and perpetuate a work environment which is so uncomfortable and oppressive that no person would reasonably be expected to endure it. In violation of Plaintiff's federally protected rights, Defendants have purposefully, intentionally, continually, and maliciously engaged in the above-stated acts in retaliation of Plaintiff's exercise of her rights pursuant to posted Norwegian Policy-Standard Procedure and under federal law.

34. As a result of Norwegian's acts, Plaintiff has been damaged.

### Count IV: Intentional Battery

35. This Count V is a cause of action for Intentional Battery. It is brought against Dahl.

36. On or about January 10, 2000, Dahl accosted Plaintiff as she exited an elevator on the premises of Norwegian.

37. As Plaintiff exited the elevator and entered the corridor to facilitate her duties, Dahl purposefully and maliciously lay in wait for Plaintiff and struck Plaintiff with a forceful blow to her buttocks causing her pain in that area of her body.

38. Plaintiff did not consent to be touched by Dahl and was, in fact, injured by the blow causing her to experience soreness for the remainder of that day and the following day as well.

39. As a result of the acts of Dahl, Plaintiff was damaged in that she suffered physical pain, public humiliation, and feelings of anxiety and inferiority, resulting in medical and therapeutic treatment for Plaintiff.

## Count V: Intentional Infliction of Emotional Distress

40. This Count V is a cause of action for Intentional Infliction of Emotional Distress. It is brought against Defendants.

41. Plaintiff incorporates by reference and re-alleges ¶¶ 1-22 as if fully set forth herein.

42. The acts of Defendants in battering her; failing to investigate Plaintiff's claim of sexual harassment; failing to promote her to at least two positions for which Norwegian was aware that Plaintiff was equally or more qualified and then by offering each position to male co-employees, one of whom was Plaintiff's subordinate; transferring her to an unfavorable shift and stripping her of her duties and responsibilities, demeaning her by forcing her to report to a former subordinate, falsely charging her with non-existent infractions, constantly intimidating her, and creating and subjecting Plaintiff to a daily work environment which is so uncomfortable and oppressive that no person would reasonably be expected to endure it have caused Plaintiff extreme emotional distress. These acts of Defendants were unduly cruel, outrageous, and intended to harm and harass Plaintiff.

38. As a result of Defendants' extreme and outrageous acts, Plaintiff has lost sleep, missed days of work, experienced anxiety attacks, suffered from increased and undue stress affecting her health, suffered humiliation and feelings of inferiority, and has sought medical and therapeutic attention to treat these afflictions.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor on all counts and provide for the following legal and equitable relief.

a. Enjoin Defendant from continuing sexually discriminatory practices;

b. Order Norwegian to grant Plaintiff proper compensation time credit for the hours of overtime worked by Plaintiff;

c. Award Plaintiff damages for pain and suffering in the amount of $1,000,000.00;

d. Award Plaintiff exemplary and punitive damages in the amount of $2,000.000.00.

e. Assess court costs and attorney's fees against the Defendants;

f. Award of pre- and post-judgment interest; and

g. Any such other relief as this Court deems just and appropriate.

PLAINTIFF DEMANDS A JURY TRIAL

Dated: October 26, 2000

Respectfully Submitted,

*Valentina Perez*
Valentina Perez

Maria R. Owens
Counsel For Plaintiff
PARKMAN & OWENS
155 North Michigan Avenue
Suite 700
Chicago, Illinois 60601
(312) 616-4222

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as re by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for t of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** JUDGE NORGLE

VALENTINA PEREZ

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

**DEFENDANTS**

NORWEGIAN-AMERICAN HOSPITAL
IVAN RIVERA, STEVE DAHL

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Cook
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

00C 6672

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Maria R. Owens
PARKMAN & OWENS
155 North Michigan - Ste. 700
Chicago, Illinois 60601 (312)616-4222

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF |
|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/ |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization |
| ☐ 195 Contract Product Liability | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | ☐ 871 IRS — Third Party 26 USC 7609 | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC s. 1981, 2000e(2)(3)(5) - Employment Disc., Battery, IIED.

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** $3,000,000.00

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ YES ☐

**VIII.** This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number_____, previously dismissed by Judge_____

DATE 10/26/00

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**DOCKETED OCT 27 2000**

**In the Matter of**

PEREZ v. NORWEGIAN
AMERICAN HOSPITAL.
IVAN RIVERA, STEVE DAHL

Case Number: **00C 6672**

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:**
PLAINTIFF VALENTIAN PEREZ

**JUDGE NORGLE**

**MAGISTRATE JUDGE GERALDINE SOAT BROWN**

FILED
00 OCT 26 PM 3:47
U.S. DISTRICT COURT

| (A) | (B) |
|---|---|
| SIGNATURE: [signed] | SIGNATURE: |
| NAME: MARIA R. OWENS | NAME: |
| FIRM: PARKMAN & OWENS | FIRM: |
| STREET ADDRESS: 155 North Michigan - Ste. 700 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, Illinois 60601 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (312) 616-4222 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6237824 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.